# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **SAFE TAN, LLC,**<br><br>      Plaintiff,<br><br>v.<br><br>**PALM BEACH TAN, INC.,**<br><br>      Defendant. | **Civil Action No. 6:15-cv-965**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Safe Tan, LLC ("Plaintiff") makes the following allegations against Palm Beach Tan, Inc. ("Defendant"):

### PARTIES

1.   Plaintiff Safe Tan, LLC is a Texas limited liability company, having a principal place of business of 12647 High Meadows Mews, Dallas, TX 75244.

2.   Upon information and belief, Defendant Palm Beach Tan, Inc. is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 633 East State Highway 121, Suite 500, Coppell, Texas 75019.  Upon information and belief, Palm Beach Tan, Inc. may be served via its registered agent for service of process: Eric Hall at the above listed address.

### JURISDICTION AND VENUE

3.   This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5.      Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## U.S. PATENT NO. 6,802,830

6.      Plaintiff is the owner by assignment of United States Patent No. 6,802,830 ("the '830 Patent") entitled "Device and Method that Generates a Fog Capable of Altering the Color of Human Skin."  The '830 Patent issued on October 12, 2004.  Brandon Shaw is one of the listed inventors on the '830 Patent.  A true and correct copy of the '830 Patent is attached as Exhibit A.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,802,830

7.      Defendant has, pursuant to 35 U.S.C. § 271, has been and is now infringing the '830 Patent in the State of Texas, in this judicial district, and/or elsewhere in the United States by, among other things, making, using, selling, offering to sell, and/or importing, without license, devices and methods that generate a fog capable of altering the color of human skin, such as utilizing a Mystic Tan, VersaSpa, and VersaPro.  Mystic Tan, VersaSpa, and VersaPro fall within the scope of at least claims 2, 3, 4, and 5 of the '830 Patent, as evidenced by Defendant's product descriptions.  For example, VersaPro is a sunless tanning system that generates a fog with a tanning solution, "DHA (the active ingredient in Sunless tanning solution) *See*

*http://www.versaspa.com/about/faq*. VersaPro passes the pressurized tanning solution through tubes connected to "three revolutionary HVLP spray nozzles," such that the solution leaves the nozzle as a fog. *See http://www.cantan.com/product/versa-spa-pro/*. VersaPro provides step-by-step instructions via an enhanced digital audio system during the ten minute session time. *See http://sunlessinc.com/gopro/design.html*.

8. Defendant is directly infringing, literally infringing, and/or infringing the '830 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '830 Patent pursuant to 35 U.S.C. § 271.

9. As a result of Defendant's infringement of the '830 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

10. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '830 Patent, Plaintiff will be greatly and irreparably harmed.

## U.S. PATENT NO. 8,137,328

11. Plaintiff is the owner by assignment of United States Patent No. 8,137,328 ("the '328 Patent") entitled "Chemically Tanning Human Skin." The '080 Patent issued on March 20, 2012. Brandon Shaw is one of the listed inventors on the '328 Patent. A true and correct copy of the '328 Patent is attached as Exhibit B.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,137,328

12. Defendant has, pursuant to 35 U.S.C. § 271, has been and is now infringing the '328 Patent in the State of Texas, in this judicial district, and/or elsewhere in the United States by, among other things, making, using, selling, offering to sell, and/or importing, without license, methods that generate a fog capable of altering the color of human skin, such as utilizing a VersaSpa and VersaPro. Defendant's use of a VersaSpa and VersaPro falls within the scope of claim 1 of the '328 Patent, as evidenced by Defendant's product descriptions. For example, VersaPro is a tanning system that generates a fog with a tanning solution comprised of an outer shell with a user control panel. This user control panel allows users to select a tanning solution for passing through the nozzle. VersaPro is a sunless tanning system which includes a "frosted semi-transparent acrylic panel." *See* the 2013 VersaSpa Brochure. Additionally, VersaPro includes "three revolutionary HVLP spray nozzles." *See* http://cantan.com/product/versa-spa-pro/. Furthermore, VersaSpa has "a revolutionary touchscreen that allows you to formulate flawless, customized application with the swipe of a finger." *Id.*

13. Defendant is directly infringing, literally infringing, and/or infringing the '328 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '328 Patent pursuant to 35 U.S.C. § 271.

14. As a result of Defendant's infringement of the '328 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

15. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '328 Patent, Plaintiff will be greatly and irreparably harmed.

## U.S. PATENT NO. 7,699,822

16. Plaintiff is the owner by assignment of United States Patent No. 7,699,822 ("the '822 Patent") entitled "Chemically Tanning Human Skin." The '822 Patent issued on April 20, 2010. Brandon Shaw is one of the listed inventors on the '822 Patent. A true and correct copy of the '822 Patent is attached as Exhibit C.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 7,699,822

17. Defendant has, pursuant to 35 U.S.C. § 271, has been and is now infringing the '822 Patent in the State of Texas, in this judicial district, and/or elsewhere in the United States by, among other things, making, using, selling, offering to sell, and/or importing, without license, devices and methods for chemically tanning human skin, such as utilizing a VersaSpa and VersaPro. Defendant's use of a VersaSpa and VersaPro falls within the scope of at least claims 1, 3, 4, 5, 6, 8, 10, 13, 14, and 15 of the '822 Patent, as evidenced by Defendant's product descriptions. For example, VersaPro is a sunless tanning system that is comprised of a chamber large enough to hold an entire person with "easy to use standing position plates." See *http://cantan.com/product/versa-spa-pro*. VersaPro includes three spray nozzles within the chamber and has performance features such as "a built-in solution reservoir, an auto-calibrating solution volume, and precision metering pumps." *Id.* VersaPro includes a first solution container and a second solution container which are coupled to the pump system. For example, VersaPro contains "a smart container system" for optimized system efficiency and results. *See http://sunlessinc.com/gopro/performance.html*.

18.     Defendant is directly infringing, literally infringing, and/or infringing the '822 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '822 Patent pursuant to 35 U.S.C. § 271.

19.     As a result of Defendant's infringement of the '822 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

20.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '822 Patent, Plaintiff will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '830, '328, and '822 Patents;

2. A permanent injunction enjoining Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting inactive concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '830, '328, and '822 Patents, or such other equitable relief the Court determines is warranted;

3. A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses,

and prejudgment and post-judgment interest for Defendant's infringement of the '830, '328, and '822 Patents as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED November 6, 2015.

Respectfully submitted,

By: /s/ *Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Krystal L. Gibbens
Texas Bar No. 24082185
kgibbens@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF
SAFE TAN, LLC**